**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

DAVID TROUT,                                    :  Case No. 2:26-cv-445
                                                :
      Plaintiff,                                :
                                                :
vs.                                             :  Judge James L. Graham
                                                :  Magistrate Judge Kimberly A. Jolson
SOCF/LECI MEDICAL
SUPERVISORS, *et al.*,

      Defendants.

## REPORT & RECOMMENDATION

This matter is before the Court on Plaintiff's failure to respond to a deficiency order.  For the following reasons, the Undersigned **RECOMMENDS** Plaintiff's Complaint (Doc. 1) be **DISMISSED** for failure to prosecute.

### I.  BACKGROUND

Plaintiff filed a Complaint in April 2026.  (Doc. 1).  Because Plaintiff failed to pay the filing fee or seek leave proceed *in forma pauperis* and failed to submit a civil cover sheet, the Clerk's Office issued a Notice of Deficiency requiring Plaintiff to fix these issues by May 14, 2026. (Doc. 2-1).  Plaintiff complied in part (Docs. 3, 4), so the Court entered a Deficiency Order requiring Plaintiff to pay the filing fee or submit a completed application to proceed *in forma pauperis* and a completed civil cover sheet by June 18, 2026 (Doc. 8).  Plaintiff was advised that failure to comply with the Order might result in the dismissal of his case for want of prosecution. (Doc. 8).  To date, Plaintiff has failed to comply with the Court's Order.

### II.  DISCUSSION

The Court's inherent authority to dismiss an action because of a party's failure to prosecute is expressly recognized in Rule 41(b), which authorizes involuntary dismissal for failure to

prosecute or to comply with rules of procedure or court orders.  *See* Fed. R. Civ. P. 41(b); *see also Chambers v. Nasco, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–32 (1962)).  "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT & T*, 176 F.3d 359, 63 (6th Cir. 1999).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't.*, 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363).  "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Id.*

On balance, the factors set forth in *Schafer* support dismissal.  First, despite being afforded a total of forty-five days to do so, Plaintiff failed to file a complete application to proceed *in forma pauperis* or pay the filing fee and a completed civil cover sheet.  What's more, because the Deficiency Order centers on Plaintiff's failure to pay the filing fee or complete the *in forma pauperis* application, Plaintiff has effectively brought this case to a halt before it can even begin.  Because of Plaintiff's actions (or lack thereof), the case cannot proceed.  This demonstrates, to some extent, Plaintiff has "a reckless disregard for the effect of [his] conduct on [the Court's] proceedings[,]" and thus acted with willfulness, bad faith, or fault.  *Schafer*, 529 F.3d at 737 (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)).

Since no Defendant has been served, there is little risk of prejudice. But the remaining factors also weigh in favor of dismissal. As described above, the Court warned Plaintiff that his failure to comply may result in the Court dismissing his action. (Doc. 8). Further, the Undersigned considered less drastic sanctions than dismissal but concludes that any such effort would be futile given Plaintiff's failure to participate in these proceedings. *Grange Mut. Cas. Co. v. Mack*, 270 F. App'x 372, 377 (noting that a court must simply "consider" lesser sanctions but is not required to actually issue such sanctions before granting a dismissal for failure to prosecute).

In view of the foregoing, the Undersigned concludes Plaintiff has abandoned this action. Although this Court has a "favored practice of reaching a disposition on the merits," the Court's "need to manage its docket [and] the interest in expeditious resolution of litigation . . ." outweigh allowing this case to linger. *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993).

## III.   CONCLUSION

For the foregoing reasons, the Undersigned **RECOMMENDS** Plaintiff's Complaint (Doc. 1) be **DISMISSED** for failure to prosecute.

<strong>PROCEDURE ON OBJECTIONS</strong>

Pursuant to Fed. R. Crim. P. 72(b), **WITHIN 14 DAYS** after being served a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS**

after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). *See also Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


Date:  July 1, 2026                                     /s/ Kimberly A. Jolson
                                                        KIMBERLY A. JOLSON
                                                        UNITED STATES MAGISTRATE JUDGE

4